# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Toby Eugene Moore, ) | Civil Action No.: 1:19-cv-01648-JMC |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Warden Charles Williams, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Toby Eugene Moore, proceeding pro se,[1] filed the instant Petition against Respondent Warden Charles Williams seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1.)

This matter is before the court on Respondent's Motion for Summary Judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. (ECF No. 24.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On June 22, 2020, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant Respondent's Motion for Summary Judgment and dismiss with prejudice Petitioner's Habeas Petition. (*See* ECF No. 42 at 2, 30.) Petitioner filed Objections to the Report and Recommendation, which are presently before the court. (*See* ECF No. 44.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation, **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 24), and **DISMISSES** Petitioner's

---

[1] "Because he is a pro se litigant, Petitioner's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solic.'s Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Petitioner; the court is not required to recognize Petitioner's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

Habeas Petition (ECF No. 1) with prejudice.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is an inmate presently incarcerated at the Allendale Correctional Institution in Fairfax, South Carolina. *See SCDC Inmate Search*, https://public.doc.state.sc.us/scdc-public/ (last visited Sept. 25, 2020). On March 23, 2012, a state court jury found Petitioner guilty of four counts of attempted murder, trafficking in cocaine and possession of a firearm during the commission of a violent crime, possession with intent to distribute ("PWID") marijuana, PWID methamphetamine or cocaine base, and PWID cocaine base within one-half mile of a school. (ECF No. 23-1 at 485:9–486:12.) Thereafter, the trial judge sentenced Petitioner to concurrent sentences of thirty (30) years in prison for each count of attempted murder, twenty-five (25) years for trafficking cocaine, fifteen (15) years for PWID cocaine base, ten (10) years for PWID cocaine base within a half-mile of a school, five (5) years for PWID marijuana, and five (5) years for possession of a firearm during the commission of a violent crime. (*See id.* at 490:25–491:13.)

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals on April 2, 2012. (ECF No. 23-3 at 5.) He challenged the trial judge's refusal "to grant a directed verdict of not guilty on the drug charges of Trafficking Cocaine Greater than 28 grams, but less than 100 grams, Possession With Intent to Distribute Crack Cocaine Within One-half (1/2) Mile of a School, Possession With Intent to Distribute Methamphetamine and Possession With Intent to Distribute Marijuana due to insufficient evidence of constructive possession." (ECF No. 23-2 at 4.) On January 22, 2014, the South Carolina Court of Appeals affirmed Petitioner's conviction and sentence. *SC Courts*, https://www.sccourts.org/opinions//unpublicshedopinions/HTMLFiles/COA/2014-UP-025.pdf (last visited Sept. 30, 2020). The South Carolina

Supreme Court denied a petition for rehearing on April 10, 2014. (ECF No. 23-1 at 496–97.)

On July 10, 2014, Petitioner filed an application for post-conviction relief ("PCR"). (ECF No. 23-1 at 494–502.) He asserted in his PCR application that he was denied effective assistance of trial counsel. (*Id.* at 502.) The PCR court held an evidentiary hearing on June 6, 2016. (ECF No. 23-4 at 7.) "The PCR judge issued an order on May 23, 2017 denying Petitioner[]'s PCR application and dismissing it with prejudice." (*Id.* at 9.) "The [PCR] judge found [Petitioner] failed to satisfy his burden of proving 'either deficiency or prejudice' regarding trial counsel's failure to object to the jury charge." (*Id.*)

Petitioner appealed the denial of his PCR application to the South Carolina Supreme Court. (ECF No. 23-4 at 1.) In his petition for writ of certiorari, Petitioner raised the issue of whether the PCR judge erred "in not finding trial counsel ineffective for failing to object to the trial judge's instruction to the jury: 'Your sole objective is to simply reach the truth in the matter,' which was burden shifting and instructed the jury to use the incorrect truth standard instead of the correct reasonable doubt standard which was prejudicial to Petitioner Moore[.]" (*Id.* at 3.) The South Carolina Supreme Court transferred the PCR appeal to the South Carolina Court of Appeals on July 9, 2018. (ECF No. 23-6 at 1.) The South Carolina Court of Appeals denied Petitioner's petition for certiorari on December 12, 2018. (ECF No. 23-7 at 1.) The South Carolina Court of Appeals remitted the matter to the lower court on January 2, 2019. (ECF No. 23-8 at 1.)

On June 7, 2019, Petitioner timely[2] filed the instant Habeas Petition challenging his state court convictions. (*See* ECF No. 1 at 1.) Specifically, Petitioner states in the Petition that he is entitled to relief based on the following grounds:

---

[2] Respondent expressly acknowledges that the Petition is timely. (*See* ECF No. 23 at 11.)

1) Unreasonable application of clearly established federal law under *Strickland* [*v. Washington*, 466 U.S. 668 (1984)], where critical stage of the criminal proceeding counsel failed to object to [the trial judge's] supplemental jury instruction which violated the [Sixth] and [Fourteenth] Amendment[s] of the . . . Constitution;

2) Inadequate assistance of counsel at initial-review collateral proceeding violated [Sixth] Amendment of United States Constitution;

3) Search warrant affidavit for a no-knock search warrant contained false statements that were made knowingly and intentionally to establish probable cause in violation of *Franks* [*v. Delaware*, 438 U.S. 154 (1978)], violated the United States Constitution under the [Fourth] and [Fourteenth] Amendments; and

4) Ms. Jones (trial counsel) failed to have the State produce the confidential informant (CI) which clearly violates the [Sixth] Amendment of the United States Constitution.

(ECF No. 1-2 at 1–16 (verbatim).) Respondent filed the instant Motion for Summary Judgment on September 16, 2019. (*See* ECF No. 24.) Petitioner filed his Response to Respondent's Motion for Summary Judgment on October 25, 2019. (*See* ECF No. 34.)[3]

On June 22, 2020, the Magistrate Judge issued the Report and Recommendation at issue concluding that Defendant's Motion for Summary Judgment should be granted, and that Petitioner's Habeas Petition should be dismissed with prejudice. (*See* ECF No. 42 at 30.) On July 6, 2020, Petitioner filed Objections to the Report and Recommendation. (*See* ECF No. 44.)

The court considers the merits of Petitioner's Objections to the Report and Recommendation below.

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 Habeas Petition when the petitioner is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

---

[3] Petitioner was permitted to supplement his Response to Respondent's Motion for Summary Judgment on June 8, 2020. (*See* ECF No. 41.)

### III.     STANDARD OF REVIEW

A.     <u>Report and Recommendation</u>

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge only makes a recommendation to this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The recommendation has no presumptive weight and the responsibility to make a final determination remains with the court.  *See id.*  The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed.[4]  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).  The court reviews those portions which are not specifically objected to only for clear error.  *See id.* at 316.  The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

B.     <u>Summary Judgment Generally</u>

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986).  A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party.  *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).  In ruling on a motion for summary judgment, a court must view the evidence in the light most

---

[4] An objection is specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 252; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

C.     Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

State prisoners have a statutory right to seek habeas relief in federal courts. *See* 28 U.S.C. § 2254(a). However, a court's review of a § 2254 petition filed after April 24, 1996, is limited by provisions of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (codified as amended in scattered sections of 28 U.S.C.). Because Petitioner filed his petition after the effective date of the AEDPA, review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 410.

6

"Rather, that application must also be unreasonable." *Id.* Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

D.  Procedural Default

A petitioner's failure to raise in state court a claim asserted in his § 2254 petition "implicates the requirements in habeas of exhaustion and procedural default." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). "The habeas statute generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Thus, "[a] state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)). In a similar vein, "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance" and has procedurally defaulted those claims. *Coleman v. Thompson*, 501 722, 732 (1991). Absent an exception, a federal court will not entertain a procedurally defaulted claim, so long as the state procedural requirement barring the state court's review is adequate to support the judgment and independent of federal law. *See Martinez v. Ryan*, 566 U.S. 1, 9–10 (2012); *Walker v. Martin*, 562 U.S. 307, 315–16 (2011). "Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." *Woodford*, 548

7

U.S. at 93 (internal citation omitted) (citing *Gray*, 518 U.S. at 161–62; *Coleman*, 501 U.S. at 744–51).

However, "[t]he doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez*, 566 U.S. at 10 (citing *Coleman*, 501 U.S. at 750). "In *Coleman*, . . . the Supreme Court held that . . . a federal habeas 'petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings to establish cause.'" *Fowler v. Joyner*, 753 F.3d 446, 460 (4th Cir. 2014) (quoting *Coleman*, 501 U.S. at 752). Subsequently, in *Martinez*, the Supreme Court recognized a "narrow exception" to the rule stated in *Coleman* and held that, in certain situations, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9. The Fourth Circuit has summarized the exception recognized in *Martinez* as follows:

> [A] federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the "cause" for default "consists of there being no counsel or only ineffective counsel during the state collateral review proceeding"; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim;" and (4) state law "requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding."

*Fowler*, 753 F.3d at 461 (internal brackets omitted) (quoting *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013)).

In the alternative to showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice, *e.g.*, actual innocence, *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Schlup v. Delo*, 513 U.S. 298, 327–28 (1995), or abandonment by counsel. *See Maples v. Thomas*, 565 U.S. 266, 283 (2012) (inquiring "whether [the petitioner] ha[d] shown that his attorneys of record abandoned him, thereby supplying the extraordinary circumstances beyond his control, necessary to lift the state procedural bar to his federal

petition" (internal quotation marks and citations omitted)).

## IV.     ANALYSIS

A.     <u>The Report and Recommendation</u>

In the Report, the Magistrate Judge recommends that the court grant Respondent's Motion for Summary Judgment. (*See* ECF No. 42 at 2, 30.)  In reaching this decision, the Magistrate Judge rejected Petitioner's first ground for habeas relief which alleged failure by his trial counsel to object to the state trial judge's jury instructions regarding "malice aforethought." (*Id.* at 16.)  The Magistrate Judge observed that because Petitioner did not raise this ground in his PCR appeal, he was procedurally barred from raising it in the instant Petition.  (*Id.* at 17.)

Next, as to the multitude of failures by PCR counsel identified in Petitioner's second ground, the Magistrate Judge concluded that each claim was either "not cognizable or procedurally defaulted."  (*Id.* at 20.)  Petitioner had further "failed to demonstrate cause and prejudice to overcome the procedural bar."  (*Id.* at 25.)

The Magistrate Judge then considered Petitioner's third ground that the search warrant affidavit that led to his arrest was procured in contravention of *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).  Relying on *Stone v. Powell*, 428 U.S. 465, 494 (1976), the Magistrate Judge observed that because "Petitioner had the opportunity to challenge the search warrants in his case[] and trial counsel probed the reliability of the officer's affidavit," Petitioner's claim "is not cognizable."  (ECF No. 42 at 27 (citing ECF No. 38-1 at 42–48).)

As to Petitioner's fourth ground claiming that his "trial counsel was ineffective for failing to have the State produce the C.I. [("confidential informant")] whose information about drugs in Petitioner's home served as the basis for the search warrant," the Magistrate Judge found that this ground was procedurally barred because Petitioner failed to raise the issue in his PCR appeal.  (*Id.*)  In addition, the Magistrate Judge determined that Petitioner was unable to

9

overcome this "procedural default," by relying on *Martinez*, because he "failed to show any merit to his claim" and "failed to show PCR counsel was ineffective for failing to pursue this claim." (ECF No. 42 at 30.)

Therefore, based on the Magistrate Judge's review of the Petition, Petitioner failed to establish any cognizable claims for habeas corpus relief. Accordingly, the Magistrate Judge recommended that Respondent's Motion for Summary Judgment (ECF No. 24) be granted and that Petitioner's Petition for Habeas Corpus (ECF No. 1) be dismissed with prejudice. (*See* ECF No. 42 at 30.)

B.     Petitioner's Objections to the Report and Recommendation

In his Objections, Petitioner asserts that the Magistrate Judge's Report contains both factual errors (*see* ECF No. 44 at 1–3) and legal errors (*id.* at 4–7).[5] As to the Report's specific factual errors, Petitioner asserts that (1) he asked his attorney to preserve his PCR issues for appellate review; (2) he filed an application for PCR relief to address PCR counsel's ineffectiveness, but was never given a hearing; (3) inconsistent officer testimony is a cognizable habeas claim; (4) the confidential informant ("CI") only stated that Petitioner was "sealing marijuana"; (5) the presence of a gun is not a basis for a no-knock search; and (6) he did present evidence to substantiate his claims. (ECF No. 44 at 1–3.)

Regarding the Report's alleged legal errors, Petitioner first asserts that the trial judge's supplemental jury instructions "gave a presumption of malice absent the explanation of aforethought," but should have also included an instruction regarding the requirement that the prosecution must "prove beyond a reasonable doubt" that Petitioner was guilty. (*Id.* at 4 (citing *In re Winship*, 397 U.S. 351, 361–62 (1970)).) Next, Petitioner asserts that he tried to get his

---

[5] In the remaining pages of his Objections, Petitioner provides his interpretation of the law on no-knock searches, search warrants for drugs, and disclosure of CIs. (*See* ECF No. 44 at 8–14.)

PCR counsel to amend his PCR application and move for the State to produce the CI, but his attorney ignored these requests. (*Id.* at 5.)

Petitioner further asserts that the Magistrate Judge erroneously concluded that a *Franks* violation did not occur. (*See* ECF No. 44 at 6.) Petitioner argues that the "officer[']s affidavit absent [o]ral testimony by the CI constitutes false statements knowingly offered for a basis to constitute probable cause for a No-Knock [s]earch [w]arrant." (*Id.*) Petitioner argues such behavior "clearly violates" the Fourth Amendment. (*Id.*)

Finally, Petitioner challenges the Magistrate Judge's conclusion that the CI's role "was more akin to a mere tipster, as opposed to an active participant." (*See* ECF No. 42 at 30.) Petitioner argues that the confidential informant's involvement was "more than limited," but rather "material" to the investigation. (ECF No. 44 at 6.) Because the confidential informant was an active participant in the investigation, Petitioner argues that the trial court should have required the State to reveal the confidential informant's identity. (*See id.* at 12 (citing *State v. Humphries*, 551 S.E.2d 286 (S.C. 2001)).)

As a result of the aforementioned Objections, Petitioner asserts that the court should reject the Report and Recommendation and give him an evidentiary hearing. (*Id.* at 7.)

C.    The Court's Review

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254. The court considers the merit of each of his grounds for relief below.

*1. Ineffective Assistance for Failure to Object to Jury Instruction*

Petitioner asserts that his "trial counsel was ineffective for failing to object to the trial judge's jury instructions regarding 'malice afterthought.'" (ECF No. 1-2 at 1-2). Respondent argues that this ground is both procedurally defaulted and without merit because "the PCR court

11

reasonably concluded that Petitioner had not satisfied his burden under *Strickland*." (ECF No. 23 at 25.) The Magistrate Judge agrees that Petitioner is procedurally barred from raising this ground because "this claim was raised in the PCR action and was considered by the PCR court and, thus, was available for review in the PCR appeal, despite PCR counsel's failure to file a Rule 59(e) motion." (ECF No. 42 at 17–18.) In his Objections, Petitioner did not specifically object to the Magistrate Judge's assertion, instead choosing to argue that the trial court should have instructed the jury "that guilt of a criminal charge [should] be established by proof beyond a reasonable doubt." (ECF No. 44 at 4 (citing *In re Winship*, 397 U.S. at 361).)

Upon its consideration of the foregoing, the court finds that Petitioner's Objection is not specific and that the Magistrate Judge did not commit error in recommending that summary judgment be granted to Respondent as to ground one based on procedural default. As a result, the court finds that Petitioner is not entitled to habeas relief based on ground one.

### 2. *Ineffective Assistance of PCR Counsel*

Petitioner asserts that his PCR counsel was ineffective due to specified failures regarding her litigation performance. (ECF No. 1-2 at 3–7.) Respondent moves for summary judgment on this ground arguing that "[a] freestanding claim of ineffective assistance of PCR counsel is not cognizable for federal habeas review." (ECF No. 23 at 15 (citing 28 U.S.C. § 2254(i); *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008); *Martinez v. Ryan*, 566 U.S. 1, 16 (2012)).) The Magistrate Judge agrees with Respondent observing that "all of Petitioner's Ground Two claims are either not cognizable or procedurally defaulted in this action." (ECF No. 42 at 20.) To this point, the Magistrate Judge observed that "although Petitioner alleges various failures by PCR counsel, he has not connected those alleged failures to any underlying ineffective-assistance-of-trial-counsel claims." (*Id.* at 21.)

Upon its review, the court observes that Petitioner's unsupported claims that he tried to preserve his PCR arguments and was denied a hearing do not overcome the procedural bar referenced by Respondent and the Magistrate Judge. *See, e.g.*, *McRant v. Warden MacDougall Corr. Inst.*, C/A No. 6:14-cv-03179-JMC, 2015 WL 5092632, at *11 n.3 (D.S.C. Aug. 27, 2015) ("A claim of ineffectiveness of PCR counsel is not cognizable as a ground for relief under the federal habeas corpus statutes." (citing 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.")); *Martinez*, 132 S. Ct. at 1320 (§ 2254(i) precludes habeas petitioner from relying on the ineffectiveness of his or her post-conviction attorney as a ground for relief but not from establishing cause for a procedural default); *Auls v. Cohen*, C.A. No. 3:11-2930-RMG, 2013 WL 496239, at *3 (D.S.C. Feb.6, 2013) ("Petitioner also objects that his PCR counsel was ineffective however, this is not a proper basis for a § 2254 petition"))). Accordingly, Respondent is entitled to summary judgment on Petitioner's second ground for habeas relief.

3. *Franks Violation*

The third ground of Petitioner's Habeas Petition attacks the search warrant in the underlying criminal case for allegedly containing knowingly and intentionally false statements made by law enforcement officers to support it. (*See* ECF No. 1-2 at 8.) Respondent asserts that this ground is procedurally defaulted and lacks merit pursuant to *Stone*. Upon her review, the Magistrate Judge agreed with Respondent that the *Stone* decision makes this ground not cognizable for § 2254 purposes. (ECF No. 42 at 26–27.)

In *Stone*, the United States Supreme Court held that a state prisoner may not be granted federal habeas relief on the ground that evidence was obtained in an unconstitutional search or

seizure so long as the State "provided an opportunity for full and fair litigation" of Fourth Amendment claims. *Id.* at 428 U.S. 494. The court considered Petitioner's submissions and was unable to find any evidence or argument that Petitioner did not have a full and fair opportunity to present his regarding the search warrant in state court. Therefore, the court finds that Petitioner's ground three is without merit and does not warrant a grant of habeas relief.

*4. Confidential Informant*

In his fourth ground for relief, Petitioner asserts that his state trial counsel was ineffective for failing to get the prosecution to identify the CI. (ECF No. 1-2 at 16.) Respondent argues the ground is procedurally defaulted because "Petitioner failed to raise this allegation at any stage of his PCR litigation" or to "the highest state courts." (ECF No. 23 at 29.) Respondent further argued that the evidence in the underlying case did not support the disclosure of the CI's identity when his "involvement in th[e] case was limited to simply informing Officer Kirby of the marijuana he happened to see while at Petitioner's home on January 3, 2011 . . . [h]e did not participate in the bust that occurred on January 6, 2011, nor did he participate in a controlled purchase of the drugs he observed." (*Id.* (citing *Humphries*, 579 S.E.2d at 615; *United States v. Gray*, 47 F.3d 1359, 1365 (4th Cir. 1995)).) The Magistrate Judge agreed with Defendant observing that because Petitioner lacks evidence establishing the CI as an active participant in the events leading to Petitioner's arrest, he cannot make the requisite showing that trial counsel was substantially ineffective for failing to motion the State to identify the CI. (ECF No. 42 at 27–28.)

In his Objections, Petitioner contends that the CI was an active participant in the criminal investigation, but does not cite to any evidence to support his claims. Without more, the court agrees with the Magistrate Judge that Petitioner cannot demonstrate a substantial claim of

14

ineffective assistance of counsel to overcome the procedural default. Accordingly, the court is persuaded that it should grant summary judgment to Respondent on Petitioner's ground four.

## V.     CONCLUSION

For the reasons set forth above, the court **OVERRULES** Petitioner Toby Eugene Moore's Objections, **GRANTS** Respondent Warden Charles Williams' Motion for Summary Judgment (ECF No. 24), and **DISMISSES WITH PREJUDICE** Petitioner Moore's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 42) and incorporates it herein by reference.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right. (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

September 30, 2020
Columbia, South Carolina